UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARJORIE ALLENDE-SCOTT, | No. CV 09-9404 CW |
| Plaintiff, | DECISION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | |
| Defendant. | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's denial of disability benefits. As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings.

**I. BACKGROUND**

Plaintiff Marjorie Allende-Scott was born on October 28, 1969, and was thirty-nine years old at the time of her administrative hearing. [Administrative Record ("AR") 36, 39.] She has a twelfth grade education and past relevant work experience as a real estate

agent, payroll clerk, and accounting clerk. [AR 71, 73.]  Plaintiff alleges disability on the basis of interstitial cystitis, hypertension, back pain, headaches, status post gunshot wound, and obesity. [AR 52, 54-56.]

## II.   PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on December 23, 2009, and filed on January 4, 2010.  On August 4, 2010, Defendant filed an answer and Plaintiff's Administrative Record ("AR").  On November 8, 2010, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III.   PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for a period of disability and disability insurance benefits ("DIB") on May 22, 2007, alleging disability since December 31, 2004. [AR 9.] Plaintiff was last insured for DIB on December 31, 2006. [AR 29.]  After the application was denied initially and on reconsideration, Plaintiff requested an administrative hearing, which was held on May 11, 2009, before an Administrative Law Judge ("ALJ"). [AR 36.]  Plaintiff appeared with counsel, and testimony was taken from Plaintiff, her husband Michael Scott, and vocational expert Alan E. Cummings. [AR 37.]  The ALJ denied benefits in a decision dated August 6, 2009.  [AR 6-33.]  When the Appeals Council denied review on October 21, 2009, the ALJ's decision became the Commissioner's final decision. [AR 1.]

## IV.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or

ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence. However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

### V. DISCUSSION

#### A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at

721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to

prove that, considering residual functional capacity ("RFC")[1], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.   THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that Plaintiff had not engaged in substantial gainful activity from her alleged disability onset date to her date last insured (step one); that Plaintiff had medically determinable impairments, namely interstitial cystitis, hypertension, back pain, headaches, status post gunshot wound and obesity; but that Plaintiff did not have a "severe" impairment or combination of impairments (step two). [AR 29-30.] Accordingly, Plaintiff was found not "disabled" as defined by the Social Security Act. [AR 32.]

**C.   ISSUE IN DISPUTE**

The parties' Joint Stipulation identifies a single disputed issue: whether the ALJ properly determined that Plaintiff's condition was non-severe at Step Two. [JS 3.]

**D.   INTERSTITIAL CYSTITIS**

The record shows that Dr. Eric B. Robins, a urologist at South Bay Medical Center, had treated Plaintiff since July 2005 for interstitial cystitis and other conditions. [AR 447.] In September 2005, Dr. Robins prescribed Plaintiff an Oxytrol medical patch, due to

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

her complaint that she voided every 10 to 60 minutes, and that her previous treatments did not alleviate the condition. [AR 459.] The patch helped Plaintiff limit the frequency of her voidings to every hour, until Plaintiff was admitted to the hospital for exacerbation of abdominal pain in July 2006. [AR 244.] Plaintiff's frequency of voidings had returned to every 10 minutes, even with the use of the patch. [Id.] In a follow-up visit on May 2007, Dr. Robins noted that Plaintiff's voiding frequency was again limited to about every hour. [AR 351-352.]

The ALJ, in reference to the above record, determined that Plaintiff's interstitial cystitis "responded well to treatment with the patch," and that Plaintiff did not "need emergency appointments with the urologist because of a failure of the patch, or because of unremitting symptoms of pain, cramping, etc." [AR 21.] The ALJ concluded that there is no evidence to show that Plaintiff's condition "occurred at a frequency, severity or duration so as to preclude the performance of sustained work activities in an ordinary work setting on a regular continuing basis." [Id.]  Plaintiff argues that the ALJ's conclusion was not supported by substantial evidence.

At step two of the five-step disability evaluation, an impairment or combination of impairments may be found "not severe" only if the evidence establishes a "slight abnormality that has no more than a minimal effect on an individual's ability to work." Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005)(quoting Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996)); see also Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988).  If an ALJ is "unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential

evaluation should not end with the not severe evaluation step." Webb, 433 F.3d at 687 (quoting SSR 85-28, 1985 WL 56856 at *4).  Step two, then, involves a "de minimis screening device used to dispose of groundless claims, and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is clearly established by the medical evidence." Webb, 433 F.3d at 687 (citations omitted); see also Yuckert, 841 F.2d at 306 ("Despite the deference usually accorded to the Secretary's application of regulations, numerous appellate courts have imposed a narrow construction upon the severity regulation applied here.").

Under this narrow standard for step two evaluations, the finding that Plaintiff did not have a severe impairment or combination of impairments is not clearly established by the medical evidence. Although the Oxytrol medical patch may have helped Plaintiff in improving her condition, the hospitalization and regression in July 2006 show that the patch did not control her interstitial cystitis enough to completely ensure her functional ability.  Here, the ALJ failed to consider properly Plaintiff's hospitalization in July 2006 that was related to interstitial cystitis.  This hospitalization and the regression of Plaintiff's voiding frequency around the same time call into question the stability of her treatment with the patch beyond the initial period. [AR 308-309.]

In addition, the record shows that Plaintiff received continuous medical health treatment, takes medication for her condition such as Hydrocodone-Acetaminophen 5, Fluoxetine, Oxepam, Alprozolam and Atenolol [AR 185, 246, 277, 353-355], and has individual sessions with a urologist.  Based on the existing record, the evidence of Plaintiff's claim of interstitial cystitis and other impairments "is

sufficient to pass the de minimis threshold of step two." Webb, 433 F.3d at 687. Although the court "do[es] not intimate that [plaintiff] will succeed in proving that [s]he is disabled," the ALJ "should have continued the sequential analysis beyond step two because there was not substantial evidence to show that [plaintiff's] claim was groundless." Webb, 433 F.3d at 688. Accordingly, the ALJ's finding that the plaintiff did not suffer from a severe impairment should be reversed, and the matter should be remanded for further proceedings.

### E.   REMAND FOR FURTHER PROCEEDINGS

The decision whether to remand for further proceedings is within the discretion of the district court. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Harman, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id. Here, as set out above, outstanding issues remain before a finding of disability can be made. Accordingly, remand is appropriate.

//
//
//
//
//
//

**VI. ORDERS**

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED**.

2. This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings as discussed above.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: November 27, 2010

_____
CARLA M. WOEHRLE
United States Magistrate Judge